PHILLIP GILLET, JR.
ATTORNEY AT LAW
1705 27TH STREET
BAKERSFIELD, CALIFORNIA 93301-2807
(661) 323-3200
FACSIMILE (661) 323-3078
Phillip W. Gillet, Jr., State Bar No. 214914
Attorney for Debtor in Possession

FILED
March 22, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002503541

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br>JAMES ALAN PANDOL<br><br>Address: P.O. BOX 1592<br>  DELANO, CA 93216<br><br>Social Security No(s)./ TIP No(s).<br>  xxx-xx-7844<br><br>Debtor(s). | Case No.: 09-62162-B-11K<br>Chapter 12<br>Docket Control No.: PWG-001 |

### CHAPTER 12 PLAN

Debtor, JAMES ALAN PANDOL proposes the following Chapter 12 Plan of Reorganization ("Plan") effective from the date it is confirmed.

### I. TERM

1.01. The Debtor is a family famer with regular income and is eligible to be a Debtor under Chapter 12 of the Bankruptcy Code.

1.02. Debtor will submit future income to the supervision and control of the Trustee as is necessary for the execution of the Plan. A budget is included in the exhibits in support of this plan. Debtor will be able to make the payments under the Plan and comply with the provisions of the Plan. The Trustee may move the Court for dismissal of the case if the Debtor fails to comply with the provisions of the Plan. The Trustee may move for dismissal if Debtor fails to make any payment to the Trustee under the plan.

1.03. The Plan provides for payment over 36 months. A summarization of payments to creditors required by the Plan is provided in the exhibits in support of the plan.

## II. CLASSIFICATION AND TREATMENT OF CLAIM

2.01. **Class 1 Claims**: Claims are entitled to treatment as administrative expenses shall be Class 1 claims. Class 1 claims are claims arising after the Debtor filed for relief under Chapter 12 and shall be paid in full. Any Class 1 claim that requires Court approval shall be paid after Court approval. Class 1 claims shall be paid by the Debtor as an expense necessary for the reorganization of the Debtor's financial affairs. Any Class 1 claim paid through the Trustee shall be entitled to priority under Section 507(a)(1). All Class 1 claim shall be paid before there is any distribution on account of prepetition claims that follow.

## SECURED CLAIMS

2.02. Secured Claimants shall be paid consistent with the provisions of paragraph 2.04 through 2.22 of the Plan. Secured Claimants shall retain all rights under their loan and security documents and the Debtor shall perform all terms of their agreements with such claimants except as modified by the Plan. All fees, penalties or late charges provided in the security documents shall be allowed concerning post-confirmation defaults in the same percentage as the fee, penalty or charge was accessible prepetition; however, a Secured Claimant assessing a fee, penalty or charge shall give a detailed statement concerning such assessment to the Debtor, Debtor's attorney and the Trustee at the time the assessment is made. The security interests held by Class 2 through Class 5 claimants shall be extinguished when their secured claims have been paid in full. Each secured claimant shall release its security interest from its collateral after the secured claim has been paid in full.

2.03. All monetary defaults have been considered in the Plan. All such defaults shall be deemed cured on confirmation of the Plan. All nonmonetary defaults will be deemed cured on confirmation if there was a prepetition default on any claim held by the secured creditor. A Secured Claimant may proceed in accordance with the terms of its security documents and applicable law without further order of the Court if Debtor defaults in any payment due after the Chapter 12 case is closed.

2.04. **Class 2 Claim**: The claim of Citizens' Business Bank as successor to the first deed of trust of San Joaquin Bank secured by farmland owned the Debtor in Kern County, California

("Farmland") shall be the Class 2 claim. The Class 2 claim is fully secured by the San Joaquin Bank deed of trust and will be approximately $244,000 on the Effective Date of the Plan. As of 3/22/10, no proof of claim has been filed. The Class 2 claim shall accrue interest at 4.0 percent per annum after the Effective Date of the Plan. The payment will be amortized over 30 years and paid by aggregate annual payments of $14,000 per calendar year. The $14,000 shall be paid in one $10,000 installment beginning February 15, 2011 and $400 per month in all other calendar months that the $10,000 payment is not made beginning February 15, 2010. Upon confirmation, the Debtor shall forward to the secured claimants payments that have accrued since February 15, 2010 through the Effective Date of the Plan. The Class 2 claim may be prepaid at any time without payment of a prepayment penalty. Citizens' Business Bank and its assigns shall reconvey its deed of trust and release any other encumbrance of record that it holds against the Farmland after the Class 2 claim is paid in full.

2.05.   **Class 3 Claim**: The claim of Sterling Pacific Lending, Inc. secured by a second deed of trust against Farmland owned by the Debtor located in Kern County, California shall be a Class 3 claim. The Class 3 claim is fully secured by Sterling Pacific Lending, Inc.'s second deed of trust and will be about $784,000 on the Effective Date of the Plan. As of 3/22/10, no proof of claim has been filed. The Class 3 claim shall accrue interest at the rate of 4.0 percent per annum after the Effective Date of the Plan and will be amortized over 30 years and paid through aggregate annual payments of $45,000.00. The $45,000 shall be paid in installments by the 15th of each month in one $30,000 annual installment beginning February 15, 2011 and monthly payments of $1,500 per month in all other calendar months that the $30,000 payment is not made beginning January 15, 2010. The Class 3 claim may be prepaid at any time without payment of a prepayment penalty. Sterling Pacifkc Lending, Inc. and its assigns shall reconvey its deed of trust and release any other encumbrance of record that it holds against the Farmland after the Class 3 claim is paid in full.

2.06.   **Class 4 Claim**: The claim of Bank of the West secured by an abstract of judgment recorded at the Kern County Recorder and secured by all real property owned by the Debtor located in Kern County, California including Farmland. As of 3/22/10, no proof of claim has been filed. The Class 4 claim shall accrue interest at the rate of 4.0 percent per annum after the Effective Date of the Plan

and will be amortized over 30 years and paid through aggregate annual payments of $37,000.00. The $37,000 shall be paid in installments by the 15th of each month with in one $29,850 annual installment beginning February 15, 2011 and monthly payments of $650 per month in all other calendar months that the $29,850 payment is not made beginning January 15, 2010. The Class 4 claim may be prepaid at any time without payment of a prepayment penalty. Bank of the West and its assigns shall reconvey its deed of trust and release any other encumbrance of record that it holds against the Farmland and any other property after the Class 4 claim is paid in full.

2.07. **Class 5 Claim**: The claim of Ford Motor Credit Company secured by a purchase money security interest against the Debtor's 2005 Ford Freestyle vehicle shall be a Class 5 claim. The Class 11 claim is fully secured by Ford Motor Credit Company's security interest and will be about $4,544.03 on the Effective Date of the Plan. The payments to Ford Motor Credit Company shall be paid outside of the plan and not be subject to a trustee's fee or charge.

## PRIORITY AND GENERAL UNSECURED CLAIMS

2.08. **Class 6 Claims**: Claims entitled to prior under Section 507 except for administrative claims under Section 507(a) shall be Class 6 claims. Class 6 claims shall be paid in the order set out in Section 507. Any class 6 claim not allowed as priority will be deemed a general unsecured claim and any portion of such claim not paid through the Plan shall be discharged. Debtor anticipates priority debts to the Franchise Tax Board of $593.69. The Internal Revenue Service has filed a priority claim based upon non-filed tax returns. The Debtor anticipates priority federal taxes of approximately $30,000. Upon the filing of the proof of claim by the Internal Revenue Service the Debtor will execute a stipulation to increase his payment sufficiently to pay the priority taxes in full during the term of the plan. Any Class 6 claims will be paid interest at the minimum allowed interest rate allowed by law.

2.09. **Class 7 Claim**: The Debtor has an unsecured promissory note with his father, Jack V. Pandol. Under the promissory note, Debtor owes him approximately $240,000 with interest. Payments on this debt will be made when possible by the Debtor's financial condition. This debt shall not be discharged by this plan.

2.10. **Class 8 Claim**: Pandol and Sons, Inc. has filed a proof of claim for an unknown amount. This debt is the same debt listed as Pandol Brothers, Inc. on Schedule F as disputed. The confirmation of this plan shall extend the time to object to the claim of Pandol and Sons, Inc. and/or Pandol Brothers, Inc. No objection shall be required to be noticed and set for hearing until 90 days after notice upon the Debtor's attorney of any final judgment being entered in the trademark cancellation case involving the Debtor and Pandol and Sons, Inc. and/or Pandol Brothers, Inc. No payment in this Plan has been proposed for the claim as any amount due is contingent, unliquidated and disputed.

2.11. **Class 9 Claims**: Allowed unsecured claims not otherwise described in this Plan shall be the Class 9 claims. All Class 9 claims are of one class and shall be paid in full from the money received by the Trustee not otherwise disbursed under the Plan. The Class 9 claims shall include (a) general unsecured claims existing when the Debtor filed for relief under Chapter 12, (b) the unsecured portions of any secured claims, and (c) any capital gains tax liability created by the liquidation of assets used in the operation of Debtor's business if Debtor receives a discharge. See 11 U.S.C. Section 1222(a)(2). Class 9 claimants shall receive a pro rata share of the annual $7,666.67 annual payment during each year of the plan. Debtor believes that Class 9 claims will be no more than $23,000.00.

### III. PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

3.01. **Class 10 Claims**: The Class 10 claims are unimpaired under the Plan. All Executory Contracts and unexpired leases not rejected during the case shall be deemed assumed by the Plan. Debtor shall pay post-petition payments to the party required by the executor or unexpired lease directly and the payments on executory contracts or unexpired leases shall be paid or received outside the Plan and shall not be subject to the Trustee fee or charge.

### IV. MEANS FOR EXECUTING THE PLAN

4.01. Debtor will continue operation of his farm during the Term of the Plan. Debtor believes that his farming operations will produce sufficient income to fund the Plan.

4.02. Debtor receives $12,000 per year plus adjustments paid annually in January for the lease of 40 acres of his farm land to Ranch 50, LLC as listed in Schedule G.

4.03. Income and Expense Projections for the Debtor and his related entities is included in the exhibits in support of this plan. Debtor believes that income from his farming operation will be sufficient to fund the Plan and pay their living expenses. Debtor will use his best efforts to maximize his income during the Term of the Plan.

4.04. Any money generated by Debtor in excess of that required by the Plan may be used to meet Debtor's personal or business needs or to prepay any claim provided for by the Plan.

## V. CHAPTER 7 COMPARISON

5.01. The value of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date of the Plan. All creditors holding priority and general unsecured claims will receive payment equal to or greater than the amount that the creditors would have received if Debtor's estate were liquidated under Chapter 7. The provisions of Section 1222 and 1225 have been satisfied as a result of the treatment of the Class 13 and 14 claims described above.

## VI. GOOD FAITH

6.01. The Plan complies with Chapter 12 and all other provisions of the Bankruptcy Code. Any fee, charge or amount required to be paid under Title 28 of the United States Code or required by the Plan to be paid before confirmation has or will be paid before confirmation. The Plan has been proposed in good faith and not by any means forbidden by law.

## VII. CONFIRMATION PROCEDURE

7.01. The Court may confirm the Plan and accept allegations asserted herein if written objections to the Plan are not filed with the Court and served on the Debtor, Debtor's counsel and the Trustee not less than 14 days prior to the date fixed for hearing on confirmation. The hearing on confirmation shall be governed by the provisions of Section 1224.

## VIII. REVESTMENT OF PROPERTY IN DEBTOR

8.01. The automatic stay shall be terminated upon entry of discharge unless otherwise provided by Court order or the Plan. Property of the estate shall vest in accordance with applicable law if the case

PHILLIP GILLET, JR.
ATTORNEY AT LAW
1705 27TH STREET • BAKERSFIELD, CA 93301-2807 • (661) 323-3200 • FACSIMILE (661) 323-3078 • www.bakersfieldlaw.org

is converted to Chapter 7, 11 or 13 of the Bankruptcy Code. Debtor shall not incur post-petition debt except in the ordinary course of business without written consent of the Trustee.

## IX. OTHER PROVISIONS

9.01. **Post confirmation financing**: Debtor may obtain post-confirmation financing without obtaining a Court order provided such post-confirmation financing is reasonable and consistent with the Debtor's ordinary course of business. All such financing shall be reported to the Trustee within 45 days of consummation of said financing during the Term of the Plan. Debtor may give liens against crops and the proceeds from such crops produced after Debtor filed for relief under Chapter 12. Debtor shall not incur post-petition debt except in the ordinary course of business without written consent of the Trustee.

9.02. **Chapter 12 Plan Payments**: Debtor shall make all payments required under the Plan to M. Nelson Enmark, Esq., Chapter 12 Trustee, 3447 West Shaw Avenue, Fresno, CA 93711. The Chapter 12 Plan Payments shall be $69,866.50 per month plus applicable Chapter 12 Trustee fees in February of each year beginning on February 1, 2011 and in February of each subsequent year until 36 plan payments (including the $2,566.50 monthly payment) have been made. The plan payment in all other months shall be $2,566.50 plus Chapter 12 Trustee fees beginning on February 1, 2010 until 36 payments (including the annual $69,866.50 payments) under the plan have been made.

9.03. **Effect of Confirmation**: Except as provided for in Section 1228(a), the provisions of a chapter 12 plan confirmed by the Court bind the Debtor, his wholly owned entities, Pandol Associates Marketing, Inc. and Quinto Farms, LLC as if they were Debtors under chapter 12. Each creditor is bound by the terms of the plan whether or not the claim of said creditors is provided for by the Plan and whether or not such creditors has objected to, accepted or rejected the Plan. Property vesting in the Debtor after entry of a discharge shall be free and clear of any claim or interest of any creditor provided for by the Plan except as provided in Section 1228(a), the Plan or the Order Confirming the Plan.

9.04. **Modification of Chapter 12 Plan**: Debtor may modify the Plan at any time before confirmation so long as the provisions of Section 1223 are satisfied. Modification of the Plan after confirmation is permissible in accordance with Section 1229.

9.05 **Discharge**: The Court shall enter a discharge of all debts provided for by the Plan after completion of the payment required by the Plan. The provisions of Section 524 shall apply upon entry of the discharge. Debtor may receive a discharge of all dischargeable debts even if all payments under the Plan have not been completed provided the provisions of Section 1228 are satisfied. Property of estate shall vest in Debtor and the Court shall terminate the services of the Trustee after the discharge is entered.

9.06. **Cooperation and Reporting**: Debtor shall file all periodic reports required by the Court or the Trustee and shall file such reports in a timely manner. Debtor shall file all federal, state and local tax returns as required by law and shall deliver all completed federal, state and local tax returns to the Trustee within 30 days of their due date. The taxes owed by the Debtor as shown by the tax return shall be paid by the Debtor on or before their due date. Debtor shall meet with the Trustee or his representatives as required by the Court or the Trustee. All fees and costs charged by the Trustee, as allowed by law, shall be paid from the funds of the Chapter 12 estate.

9.07. **Claims**: Classes 6 through 9 must file a proof of claim in accordance with Bankruptcy Rule 3002 to have an allowed claim except as provided by the Bankruptcy Rules or by order of the Court. The deadline for creditors other than governmental units to file claims is April 13, 2010; while the deadline for governmental units to file claims is June 14, 2010. A claim which is timely filed shall be allowed unless objection is made to it. A disputed claim shall be disallowed without a hearing unless a creditor having a disputed claim files a proof of claim. It shall be the duty of the Debtor to object to disputed claims and the Trustee shall make distribution on account of any claims until an objection is filed; however, the Trustee may suspend payments to a creditor holding a disputed claim until the objection is heard and determined by the Court if Debtor files an objection to the claim within 90 days of the Effective Date of the Plan. Claims filed and allowed in the manner permitted by the Bankruptcy Code for post-petition debt incurred by Debtor may be paid in full without interest in such order and on such terms as the Trustee may determine.

9.08. **Terminology**: Unless otherwise defined, all references to the following terms shall have the following meaning:

(a) All references to a "section" or "Section" shall refer to Title 11 of the United States Code unless otherwise specified;

(b) **Bankruptcy Code** shall mean Title 11 of the United States Code;

(c) **Court** shall mean the United States Bankruptcy Court for the Eastern District of California;

(d) **Effective Date of the Plan** shall mean the date of entry of the order confirming the Plan;

(e) **Term of the Plan** shall mean the period of time from the date on which Debtor filed their Voluntary Petition to the date on which the Court enters an order closing the case;

(f) **Trustee** shall mean M. Nelson Enmark, or any subsequently appointed Chapter 12 Trustee.

9.09. **Adequate Protection**: The adequate protection required by Section 362 shall be provided by the payments described in the Plan or payment required by Section 1205.

## X. JURISDICTION

10.01. Property of the estate shall remain under the jurisdiction of the Court during the term of the Plan except as otherwise provided in the Plan. The Court shall have the same jurisdiction over the Debtor and the property of the estate during the Term of the Plan as the Court had on the date the Voluntary Petition under Chapter 12 was filed.

The undersigned submit and agree to be bound by the provisions of the Plan.

Date: March 22, 2010      /s/ James Alan Pandol
                          JAMES ALAN PANDOL, an individual

Date: March 22, 2010      /s/ James Alan Pandol
                          JAMES ALAN PANDOL, as authorized agent
                          of Pandol Associates Marketing, Inc.

| | |
|---|---|
| Date: March 22, 2010 | /s/ James Alan Pandol |
| | JAMES ALAN PANDOL, as authorized agent of Quinto Farms, LLC |

**APPROVED:**

By: /s/ Phillip Gillet
Phillip W. Gillet, Jr.
Attorney for Debtor, JAMES ALAN PANDOL